UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **JUDY LAMB** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. _____** |
| § | |
| **WAL-MART STORES TEXAS, LLC,** § | |
| **WAL-MART STORES, INC.,** § | |
| **WAL-MART, INC.** § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff **JUDY LAMB** ("Plaintiff" or "Ms. Lamb") complaining of Defendants, **WAL-MART STORES TEXAS, LLC, WAL-MART STORES, INC., WAL-MART, INC. (collectively referred to hereinafter as "Defendants")**, and respectfully shows the Court as follows:

**I.   PARTIES**

1.  Plaintiff, Judy Lamb, is an individual residing in Jefferson County, Texas.

2.  Defendant, **WAL-MART STORES TEXAS, LLC,** is a Delaware limited liability company authorized to conduct business in the State of Texas, and is conducting business in Jefferson County, Texas.  WMST is also believed to be an owner, operator, manager and/or lessee of the real property involved in this case that is located in Jefferson County, Texas.  WMST may be served with this petition and citation by certified mail, return receipt requested, by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.  Defendant, **WAL-MART STORES, INC**. is a foreign corporation authorized to do business in Texas and doing business in Texas and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.     Defendant, **WAL-MART, INC.** is a foreign corporation authorized to do business in Texas and doing business in Texas and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.    REQUEST FOR SUBSTITUTION OF ASSUMED NAME

5.     To the extent the above-named Defendant is conducting business pursuant to a trade name or assumed name or otherwise allege it is not the real party in interest, upon answering this suit, Defendant is requested to amend its answer in its correct legal name(s) so that they may be substituted into this action

## III.    JURISDICTION & VENUE

6.     This court has jurisdiction and venue over Defendant because a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas, 28 U.S.C. § 1391, and there is complete diversity of citizenship between Plaintiff and Defendant, 28 U.S.C. § 1332

7.     This Court has jurisdiction over this case because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

## IV.    FACTS OF THE CASE

8.    Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff as a result of a dangerous condition on Defendant's property.

9.    On or about August 21, 2022, Judy Lamb was an invitee on Defendant's property, Walmart store #449 located at 4999 Twin City Highway in Port Arthur, Texas ("the premises"). The premises were owned, managed, leased, occupied, and/or maintained by Defendants.

10.    As Ms. Lamb entered the premises, she tripped on two overlapping mats or rugs that were improperly placed and/or not properly secured to the floor, causing Ms. Lamb to violently fall to the floor. Ms. Lamb suffered severe personal injuries as a result.

11.    Immediately following Ms. Lamb's trip and fall, store personnel moved the rugs into proper

position and put out a "wet sign" indicator/warning device.

12. The fall and all damages and injuries resulting therefrom were not caused by or contributed to by Plaintiff or an innocent third person, not did same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs, and/or omissions of Wal-Mart and/or its employees, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

## V. PREMISES LIABILITY- INVITEE

13. Defendant is the owner and was in possession of the premises at 4999 Twin City Highway Port Arthur, Texas 77642, also known as Wal-Mart.

14. Ms. Lamb entered the premises as a business patron for their mutual benefit. Thus, Wal-Mart owed Ms. Lamb a legal duty as an invitee.

15. A condition on the Defendant's premises posed an unreasonable risk of harm. This condition was mats/rugs that were improperly placed and/or not properly secured to the floor.

16. Given the foregoing factual allegations, Defendants, through Defendants' employees, servants, agents and representatives created an unreasonably dangerous condition and knew or should have known of the unreasonably dangerous condition but neither corrected nor warned plaintiff of the same.

17. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it.

18. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Ms. Lamb. This duty includes the duty to inspect and the duty to warn or to cure. Defendant's employees were in close proximity to the entrance where the mats were located yet failed to place the mats and/or ensure the mats were placed correctly and/or properly secured to the floor.

19. Defendant breached the duty of ordinary care by not doing any of the aforementioned. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in severe personal injury.

## VI.  *RESPONDEAT SUPERIOR*

20. Defendant is liable for the conduct of its agents and employees based on *respondeat superior*.

## VII.  DAMAGES

21. As a result of the injuries sustained by Plaintiff in the foregoing incident, Plaintiff hereby sues for the following items of damage:

    a. Physical pain and suffering in the past;

    b. Physical pain and suffering the Plaintiff will experience in the future;

    c. Mental anguish suffered in the past;

    d. Mental anguish the Plaintiffs will experience in the future;

    e. Medical expenses incurred in the past;

    f. Medical expenses the Plaintiffs will incur in the future;

    g. Physical impairment suffered in the past;

    h. Physical impairment Plaintiffs will suffer in the future; and

    i. Loss of quality of life.

22. By reason of the facts hereinabove alleged, Plaintiff has been made to suffer and sustain at the hands of the Defendant damages within the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

## VIII.  PREJUDGMENT AND POSTJUDGMENT INTEREST

23. Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## IX.  COURT COSTS

24. Plaintiff sues to recover court costs as allowed by law.

## X.   DEMAND FOR JURY TRIAL

25.     Plaintiff demands a jury trial and has tendered the appropriate fee.

## XI.   RULE 193.7 NOTICE

26.   Plaintiff intends to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Judy Lamb prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff has judgment against Defendant for actual damages, economic damages, prejudgment and postjudgment interest, and costs. Plaintiff further prays for such other and further relief, at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**THE BERNSEN LAW FIRM**

*/s/ Cade Bernsen*
David E. Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Cade Bernsen
State Bar No. 24073918
cbernsen@bernsenlaw.com
Jamie Matuska
State Bar No. 24051062
jmatuska@bernsenlaw.com
Marianne Laine
State Bar No. 24062834
mlaine@bernsenlaw.com
420 North MLK, Jr. Parkway
Beaumont, Texas 77701
(409) 212-9994 telephone
(409) 212-9411 facsimile

**ATTORNEYS FOR PLAINTIFF**